THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ELI CHARFAUROS QUINTANILLA,<br><br>Petitioner,<br><br>vs.<br><br>ALBERTO C. LAMORENA III,<br>ALLEN BORJA, LETA J. WOMACK,<br>V. NUEZA, PETER SANTOS, T. SCOTT,<br>CHRISTOPHER CHAMPION, and<br>ALTERNATE PUBLIC DEFENDER'S<br>OFFICE,<br><br>Respondents. | CIVIL CASE NO. 24-00015<br><br>**DECISION AND ORDER GRANTING APPLICATIONS TO PROCEED *IN FORMA PAUPERIS* (ECF NOS. 6, 8), DISMISSING WITHOUT PREJUDICE THE HABEAS PETITIONS (ECF NOS. 1, 3, 7, 8), DENYING AS MOOT THE REQUESTS FOR APPOINTMENT OF COUNSEL (ECF NOS. 7, 8), AND DISMISSING WITHOUT PREJUDICE THE CIVIL RIGHTS COMPLAINT (ECF NO. 8)** |

Before the court are Petitioner Eli Charfauros Quintanilla's petitions for writ of habeas corpus (collectively, the "habeas petitions"), ECF Nos. 1, 3, 7, 8; applications to proceed in district court without prepaying fees or costs (the "applications to proceed *in forma pauperis*"), ECF Nos. 6, 8; requests for appointment of counsel, ECF Nos. 7, 8; and civil rights complaint under 42 U.S.C. § 1983, ECF No. 8. For the reasons stated below, the applications to proceed *in forma pauperis* are **GRANTED**, the habeas petitions and civil rights complaint are **DISMISSED without prejudice**, and the requests to appoint counsel are **DENIED as moot**.

## I. Background[1]

On July 8, 2024, the court received two handwritten petitions for a writ of habeas corpus from Petitioner—one dated June 28, 2024, and the other dated July 1, 2024. *See* ECF Nos. 1, 3. The first petition alleges that Petitioner is unlawfully confined at the Guam Department of Corrections in violation of the Constitution and explains that he has also filed habeas petitions in the Superior Court of Guam, the Supreme Court of Guam, and the Ninth Circuit Court of Appeals. *See* Pet. at 1, 4, ECF No. 1. The second petition makes similar allegations. *See* Second Pet. at 1-5, ECF No. 3. Both petitions allege facts that arise out of the same criminal case in the Superior Court of Guam (*People v. Quintanilla*, CF0298-23) and ultimately request the same relief: that his case be dismissed, that the charges be expunged from his record, and that he be released from prison. Pet. at 1, ECF No. 1.; Second Pet. at 5, ECF No. 3. Both petitions were also filed before the underlying case reached a final judgment. *See* Pet. at 3, ECF No. 1; Second Pet. at 3, ECF No. 3.

On August 19, 2024, Petitioner filed a form Notice, Consent, and Reference of Civil Action to a Magistrate Judge along with a copy of his second petition for writ of habeas corpus. ECF No. 4. Then on October 29, 2024, Petitioner filed the first application to proceed *in forma pauperis* after being informed by the Clerk's Office of the $5.00 filing fee required to initiate habeas corpus proceedings in federal court. *See* ECF Nos. 5, 6. Therein, Petitioner states his inability to pay the filing fee in this action, attesting to both a lack of income and expenses/financial obligations. *See* Appl. at 1-2, ECF No. 6.

Petitioner filed a third habeas petition on January 16, 2025. Third Pet., ECF No. 7. This petition arises out of the same case in the Superior Court of Guam and makes similar claims

---

[1] Page citations throughout this Decision and Order refer to CM/ECF-generated page numbers.

regarding his confinement in violation of the U.S. Constitution. *Compare* Third Pet. at 2-3, ECF No. 7, *with* Pet. at 1-4, ECF No. 1, *and* Second Pet. at 1-5, ECF No. 3. Unlike the first two petitions, the third petition alleges violations of certain provisions under Guam law but ultimately requests the same remedy: dismissal of his case, expungement of his record, and immediate release from prison. Third Pet. at 3, ECF No. 7. Also unlike the first two petitions, the third petition alleges that Petitioner's underlying case reached a final judgment: he was sentenced "on or around [November 8, 2024,] . . . by Honorable Judge Alberto Lamorena III." *Id.* at 2. In conclusion, Petitioner "move[d] for adequate APPOINTMENT OF COUNSEL" in this case. *Id.* (emphasis in original).

      Most recently, on March 21, 2025, Petitioner filed a fourth petition for a writ of habeas corpus along with a form complaint from the Northern District of West Virginia titled "State Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Fourth Pet., ECF No. 8. Also attached to this filing is a second application to proceed *in forma pauperis*, an incomplete Petitioner Trust Account Report, and a Consent to Collection of Fees from Trust Account. *Id.* at 4-5, 22-27. The fourth habeas petition is a copy of the third petition. *Compare* ECF No. 7, *with* ECF No. 8. But the civil rights complaint newly asserts claims under § 1983 based on (1) "falsified police reports," (2) "Arresting officer [Champion] committed perjury," (3) "Improper search & seizure/4th Ammendment [sic] right violation," and (5) "Ineffectiveness of counsel." *See* Fourth Pet. at 19-20, ECF No. 8 (first bracket in original). The civil rights complaint names all but two of the same defendants (excluding Judge Lamorena and the Alternate Public Defender's Office) and requests "fair and just compensation" for these violations. *Id.* at 21.

## II. Application to Waive Fees

Plaintiff has requested to proceed without prepaying fees or costs. Appl., ECF No. 2; Fourth Pet. at 22-25, ECF No. 8. Under 28 U.S.C. § 1915(a)(1), a court may authorize an individual to commence a civil action without prepaying the required filing fee, provided that the person "submits an affidavit [stating] . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

The court has reviewed Petitioner's applications to proceed *in forma pauperis* and finds that he has sufficiently demonstrated that his is unable to pay the filing fee or give security therefor. Petitioner is incarcerated in the Guam Department of Corrections located in Mangilao, Guam. Appl. at 1, ECF No. 6; Fourth Pet. at 22, ECF No. 8. He indicated in both applications that he does not have a source of income and does not have money deposited in a checking or savings account. Appl. at 1-2, ECF No. 6; Fourth Pet. at 22-23, ECF No. 8. Petitioner further indicated that he does not have any expenses or financial obligations. Appl. at 2, ECF No. 6; Fourth Pet. at 24, ECF No. 8. Accordingly, the court finds that Plaintiff cannot pay the filing fee in this case and **GRANTS** the applications to proceed *in forma pauperis*.

## III. Habeas Petitions and Civil Rights Complaint

### A. Jurisdiction

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Petitioner alleges that he is "in custody pursuant to the judgment of a State court" "in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). Petitioner also asserts claims under 42 U.S.C. § 1983.

### B. Leave to Amend Petitions

Ordinarily, "[a] party may amend its pleading once as a matter of course," and any further amendments may be made "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(1), (2); 28 U.S.C. § 2242; *see also Mayle v. Felix*, 545 U.S. 644, 655 (2005) (applying rules governing pleading amendments to habeas proceedings under 28 U.S.C. § 2254). Leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a)(2). The court must consider whether additional amendments would prejudice the opposing parties, would cause undue delay, are made in bad faith, or would be futile. *See Kroessler v. CVS Health Corp.*, 977 F.3d 803, 814-15 (9th Cir. 2020).

Here, Petitioner filed three amended habeas petitions for a writ of habeas corpus after his initial petition was filed—the fourth of which copied the third petition and added a civil rights complaint. *See* ECF Nos. 1, 3, 7, 8. Although Petitioner filed his second petition as a matter of course, he did not seek leave of the opposing parties or the court before filing the third and fourth petitions. *See* FED. R. CIV. P. 15(a)(2). Nonetheless, at the time the third and fourth petitions were filed, the court had not yet ruled on the applications to proceed *in forma pauperis* or screened his habeas petitions. Respondents also have not been served or ordered to respond to any petition. Therefore, Respondents would not be prejudiced by granting Petitioner leave to amend. *E.g. Grant v. Hill*, No. 11cv3015-JAH, 2021 WL 211552, at *1 (S.D. Cal. Jan. 21, 2021). Furthermore, there is no evidence that the amendments were made in bad faith or will cause undue delay in resolving this case. *Id.* As such, the court **GRANTS** Petitioner leave to amend, allowing the filing of the third and fourth habeas petitions.

### C. Habeas Petitions

When a petitioner applies to proceed *in forma pauperis* under 28 U.S.C. § 1915, the court must screen the lawsuit to determine whether the action is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Lopez v, Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). Furthermore, when a habeas petitioner files under 28 U.S.C. § 2254, the court must summarily dismiss the case "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in district court." Rules Governing Section 2254 Cases, R. 4, 28 U.S.C. foll. § 2254 [hereinafter "Section 2254 Rules"].

Habeas petitions brought under 28 U.S.C. § 2254 must "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; and (3) state the relief requested." Section 2254 Rules, R. 2(c)(1)-(3); *cf. Mayle*, 545 U.S. at 648-49, 654-56. However, "exhaustion of state remedies is required as a prerequisite to consideration" of a federal habeas petition. *See Pitchess v. Davis*, 421 U.S. 482, 487 (1975). Section 2254(b)(1) provides that a petition for a writ of habeas corpus "shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *see also Rose v. Lundy*, 455 U.S. 509, 518-19 (1982) (discussing function of a total exhaustion rule precluding relief in federal court until a petitioner meets this requirement).

As explained above, Petitioner has filed a total of four petitions for a writ of habeas corpus in this case, all of which arise out of the same underlying criminal charges. *See* ECF Nos. 1, 3, 7, 8. In the first petition, Petitioner alleged that he "submitted [the writ of habeas corpus] to the Superior Court of Guam, The Supreme Court of Guam, the District Court of Guam, and the United States Court of Appeals for the Ninth Circuit." Pet. at 1, ECF No. 1. Petitioner restated this allegation in the second petition. Second Pet. at 1, ECF No. 3. However, in the third and fourth petitions, Petitioner excluded this and only alleged the dates of his pretrial confinement, his trial and sentencing in the Superior Court of Guam, and his post-trial confinement. Third Pet. at 2, ECF No. 7; Fourth Pet. at 2, ECF No. 8. Petitioner does not explain whether he has exhausted all remedies available to him in the state courts, i.e., whether his post-conviction actions filed in the Superior Court of Guam and the Guam Supreme Court have been addressed, and the court has no credible allegations before it that indicate otherwise. Therefore, Petitioner has failed to demonstrate the necessary exhaustion of state remedies available to him at the time that he filed the most recent habeas petition. As such, the habeas petitions are **DISMISSED without prejudice** and the requests for appointment of counsel made therein are **DENIED as moot**.[2]

### D. Civil Rights Complaint

Habeas petitions brought under 28 U.S.C. § 2254 and civil rights complaints brought under the 42 U.S.C. § 1983 present distinct avenues for relief. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (citing *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). Habeas corpus provides an avenue for a prisoner to challenge "the validity of his confinement or to particulars

---

[2] The court further provides Petitioner with notice that, in the event that he files a new petition and still has not exhausted his state court remedies, the court will dismiss the case *with prejudice*. *See Slack v. McDaniel*, 529 U.S. 473, 489 (2000) ("Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust [his remedies] before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice.").

affecting its duration," while § 1983 actions allow a prisoner to challenge the conditions or circumstances of his confinement. *Id.* This distinction is significant because claims "within the core" of habeas corpus may not be brought under § 1983 and vice versa. *See id.* Despite this distinction, in cases where a prisoner's complaint under § 1983 evinces a clear intention to state a habeas claim, the court should treat the complaint as a habeas petition. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). When the intent to do so is unclear, however, the court should not convert the complaint. *Id.*

As explained above, Petitioner first alleged claims under § 1983 in the fourth habeas petition. *See* Fourth Pet. at 7-21, ECF No. 8. Therein, Petitioner alleges five claims: (1) "Falsified police reports"; (2) "Arresting officer . . . committed perjury"; (3) "Improper search and seizure/4th [Amendment] right violation"; (4) "5th Amendment Constitutional rights violation/speedy trial & Due Process of law violations"; and (5) "Ineffectiveness of counsel." *Id.* at 19-20. Even though these claims are raised under § 1983, the supporting facts do not challenge the conditions or circumstances of Petitioner's confinement. *See Nettles*, 830 F.3d at 927. Instead, the claims appear to challenge "the validity of [Petitioner's] confinement." *Id.* Specifically, Petitioner challenges the validity of his initial traffic stop in the first claim, statements made by an officer during trial in the second claim, illegally obtained evidence in the third claim, the duration of his trial proceedings in the fourth claim, and his counsel's performance in the fifth claim. Fourth Pet. at 19-20, ECF No. 8. And even so, the court finds that Petitioner has not clearly evinced an intent to state a habeas claim through his civil rights complaint. *See Trimble*, 49 F.3d at 586. As explained above, Petitioner filed the civil rights complaint along with a copy of his third habeas petition. Rather than amending the habeas petition again, Petitioner opted to use a standard form civil rights complaint from the Northern

District of West Virginia. *See* Fourth Pet. at 7, ECF No. 8. Additionally, Petitioner submitted a second application to proceed *in forma pauperis*, again evincing an intent to file distinct claims. *Id.* at 22-25.

Therefore, the court declines to treat the civil rights complaint as a habeas petition and instead, the claims made therein are **DISMISSED without prejudice**. This dismissal should not be construed as preventing Petitioner from realleging these claims in a renewed petition for habeas corpus after he has exhausted the remedies available to him in state court. *See supra* Section III(C); *see also Trimble*, 49 F.3d at 586 (concluding that the district court properly dismissed the § 1983 claims without prejudice and directed the prisoner to address the claims in a habeas petition).

### E. Certificate of Appealability

Under 28 U.S.C. § 2254, a petitioner seeking a writ of habeas corpus may only appeal a district court's dismissal of his petition after obtaining a certificate of appealability. 28 U.S.C. § 2253(c)(1). The court may only issue a certificate of appealability where the petitioner has "made a substantial showing of the denial of his constitutional right." 28 U.S.C. § 2253(c)(2). As such, the petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner has failed to make a "substantial showing of the denial of his constitutional right," and, therefore, the court finds that Petitioner is not entitled to certificate of appealability.

### IV. Conclusion

For the foregoing reasons, the applications to proceed *in forma pauperis* are **GRANTED**, the habeas petitions are **DISMISSED without prejudice**, and the requests for appointment of

counsel included therein are **DENIED as moot**. Furthermore, the civil rights complaint attached to the fourth habeas petition is **DISMISSED without prejudice**. The court declines to issue a certificate of appealability, and the Clerk of Court is directed to close this case.

    **SO ORDERED.**

/s/ **Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Aug 06, 2025**